UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                        :
UNITED STATES OF AMERICA,               :       Civil Action No. 16-1694 (ES) (MAH)
                                        :
         Plaintiff,                     :
                                        :
    v.                                  :       OPINION
                                        :
WALTER LANZ,                            :
                                        :
         Defendant.                     :
_____:

I. **INTRODUCTION**

   This matter comes before the Court on the Government's motion for leave to effectuate service of process via alternative means pursuant to Federal Rule of Civil Procedure 4(f)(3). Plaintiff requests leave to serve the attorney who represents Defendant, Frank Agostino, in a related tax case because Plaintiff claims Defendant resides in Austria, the United States and Austria have no treaty for service of process, and Defendant's known "associates" in the United States have refused to waive service. For the reasons set forth below, the Court will deny the motion without prejudice.

II. **FACTS**

   On March 28, 2016, the United States filed this civil action to collect penalties assessed against Walter Lanz for failing to report his foreign bank account for 2006 through 2008. *See* Mem. of Law in Support of Plaintiff's Mot., at 2. The penalties accumulated while Defendant resided in the United States. However, the Government believes that Mr. Lanz currently resides in Austria. *Id*.

The Government claims that Defendant has two "associates" located in the United States: Donna Koterba and Frank Agostino. *Id.* Mr. Lanz provided Ms. Koterba's address to the Internal Revenue Service during the underlying administrative proceedings, although Ms. Koterba's relationship to Mr. Lanz is unclear. Ms. Koterba did not respond to the Government's request to accept or waive service on Mr. Lanz's behalf, and has refused to speak to counsel for the Government. *Id.* The Government's motion does not seek leave to effect service of process on Mr. Lanz by serving Ms. Koterba.

The United States also sent a request for waiver of service to Mr. Agostino, who represents Defendant in a tax court case challenging the proposed income tax deficiencies for the same tax years as the penalties in this action. *Id.* Mr. Agostino told the Government that he could not accept or waive service on Defendant's behalf. *Id.* Plaintiff is seeking a court order to permit service of process on Mr. Agostino. *Id.* at 1.

III.     **LEGAL STANDARD**

Federal Rule of Civil Procedure 4(f) applies to service on individuals who reside in a foreign country. *See Prediction Co. LLC v. Rajgarhia*, Civ. Action No. 09-7459, 2010 WL 1050307, at *1 (S.D.N.Y. Mar. 22, 2010). Rule 4(f) states three methods for serving non-United States residents: (1) through the Hague Convention or some other means of service on which there is international agreement; (2) if there is no internationally agreed means of service, by a method reasonably calculated to give notice, such as pursuant to that foreign country's laws, via letter rogatory, personal service, or some form of mail requiring a signed acknowledgement of receipt from the individual; or (3) by other some other method that the court may order, as long as international agreement does not prohibit it. *Id.*

2

District courts have wide discretion in determining whether alternate methods of service of process under Rule 4(f)(3) are appropriate. *See Marlabs Inc. v. Jakher*, No. Civ. Action No. 07-4074, 2010 WL 1644041, at 1* (D.N.J. Apr. 22, 2010); *see also Prediction Co. LLC*, 2010 WL 1050307, at *1. Accordingly, district courts may impose a threshold prerequisite for parties to meet before seeking an alternate method of service of process via the district court. *See Prediction Co. LLC*, 2010 WL 1050307 at *1. Courts have required parties "to show that they have reasonably attempted to effectuate service on the defendant(s) and that the circumstances are such that the district court's intervention is necessary." *Id*. For example, in *Marlabs Inc*., the district court granted service of process through Defendant's attorney because Plaintiff made numerous attempts to locate and serve Defendant by going to Defendant's job and speaking with Defendant and Defendant's coworkers; thus, the court's intervention was necessary to effectuate service. *See Marlabs Inc*., 2010 WL 1644041 at *1; *see also Prediction Co. LLC*, 2010 WL 1050307 at *1 (granting motion for alternate service of process on Defendant's attorney because Defendant's address could not be found); *see also Knit With v. Knitting Fever, Inc.*, Civ. Action No. 08-4221, 2010 WL 4977944, at *5 (E.D. Pa. Dec. 7, 2010) (granting alternate means of service because Plaintiff made several attempts to serve Defendants, but Defendants repeatedly and actively avoided service).

IV. **DISCUSSION**

The Government seeks a court order permitting service of process on Defendant's attorney pursuant to Fed. R. Civ. P. 4(f). The Government argues that the Court should permit alternative service of process through Defendant's attorney because: (1) there is no internationally agreed

3

means of service between the United States and Austria; and (2) a letter rogatory is impractical. *See* Mem. of Law in Support of Plaintiff's Mot., at 1.

The Court is not satisfied that the Government has provided a sufficient basis under Rule 4(f) for the Court to permit such service. The Government states that Mr. Agostino refused to accept service on Defendant's behalf because Defendant is not a resident of the United States, and that Ms. Koterba also refused. The Government also points out that the United States and Austria do not have an internationally agreed means of service, and Austria is not a signatory to the Hague Convention for purposes of service of process.

Other than those facts, the Government offers little to satisfy the Rule 4(f) standard. For example, the Government fails to indicate what steps it has taken to personally serve Defendant, the basis for its conclusion that Mr. Lanz now resides solely in Austria, whether the Government attempted methods of serving Defendant other than through his "associates," or any other reasons similar to the cases cited. Moreover, although the Government observes that Mr. Lanz still has matters pending before the tax court, it provides no indication whether Mr. Lanz travels to the United States or is expected to do so imminently, whether for the tax court case or otherwise. Along those lines, the Government provides no insight into whether the Defendant has immediate family who still reside in the United States. The Government also fails to explain who Ms. Koterba is, or her relationship to Defendant. As such the Court cannot determine what, if any, significance it should attach to her refusal to accept service on Defendant's behalf.

Although a plaintiff need not exhaust all measures when trying to effectuate service before the court may intervene, the district court still has the discretion to decide if court intervention is necessary. *See Rio Properties, Inc. v. Rio In't Interlink*, 284 F. 3d 1007, 1016 (9th Cir. 2002).

Here, the Court will decline to intervene at this time because the it is not satisfied that the Government has adequately demonstrated either the steps taken already to serve Mr. Lanz, other than merely approaching his associates, or why any additional steps are futile or impractical.

The Government aptly observes that there is precedent for substitute service through an individual's attorney. Indeed, courts have granted service of process through an attorney when the attorney was in recent or constant contact with Defendant because it was likely that Defendant would be put on notice. In *Marlabs Inc.*, the district court decided that Defendant was on notice of the suit because after several failed attempts by Plaintiff to serve process on Defendant, Defendant's attorney contacted Plaintiff about the case; thus, it was clear Defendant was aware of the suit and the motion for alternate service was granted. *See Marlabs Inc.*, 2010 WL 1644041 at *3; *see also GLG Life Tech. Corp. Sec. Litig.*, 287 F.R.D. 262, 267 (S.D.N.Y. 2012) (granting alternate service of process through Defendant's attorney because the corporation's attorneys would contact and be able to contact the CEO regarding any suits filed against him).

In this case, Plaintiff indicates that Defendant's attorney, Mr. Agostino, represented Defendant before the Internal Revenue Service and in a tax court case. *See* Mem. of Law in Support of Plaintiff's Mot., at 2. It is clear from the Government's submission that Mr. Agostino was representing Defendant in the tax case as recently as April of this year. Accordingly, the Court does not preclude the possibility that service of process on Mr. Lanz through his counsel may satisfy Rule 4(f). But the Court cannot reach that determination without a more complete explanation as to why there are no other alternatives, including resolving the foregoing questions raised by the Court. Accordingly, the Court denies the Government's motion without prejudice.

5

V.     **CONCLUSION**

     For the reasons set forth above, Plaintiff's motion for alternative service of process is denied without prejudice to Plaintiff's right to refile.  Any new motion filed by Plaintiff shall include the information necessary for this Court to make a determination that Plaintiff has reasonably attempted to serve Defendant, why the Court's intervention is necessary, and why permitting service upon Defendant's "associates" would satisfy due process requirements.

                                                                                          *s/ Michael A. Hammer*                                  
                                                                                          UNITED STATES MAGISTRATE JUDGE

Date: December 9, 2016