**Not for Publication**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
                                    :
**UNITED STATES OF AMERICA,**       :       Civil Action No. 16-1694 (ES) (MAH)
                                    :
                    **Plaintiff,**  :
          **v.**                    :                    **OPINION**
                                    :
**WALTER LANZ,**                    :
                                    :
                    **Defendant.**  :
_____:

**SALAS, DISTRICT JUDGE**

Before the Court is plaintiff United States of America's ("Plaintiff") motion for default judgment against defendant Walter Lanz ("Defendant"). (D.E. No. 39). The Court has considered Plaintiff's submissions and decides the matter without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the following reasons, the Court GRANTS the motion.

**I.       Background**

On March 28, 2016, Plaintiff commenced the instant action to collect the penalties assessed against Defendant under 31 U.S.C. § 5321(a)(5) for failure to report his interest in a foreign bank account from 2006 through 2008. (D.E. No. 1 ("Complaint" or "Compl.") at 1). The Complaint alleges that Defendant resided in the United States from approximately the 1970s until 2010, and subsequently moved to Austria. (*Id.* ¶ 8). In the 1970's Defendant opened a bank account at UBS AG in Switzerland (the "Account"). (*Id.* ¶ 9). "During 2006, 2007, and 2008, the aggregate amount in the Account exceeded $10,000 in U.S. currency," and the account generated income. (*Id.* ¶¶ 12 & 13). Defendant, however, did not report his investment income or interest in the Account on his income tax return as required by the reporting requirements of 31 U.S.C. § 5314.

(*Id.* ¶¶ 13–15 & 20–21). The Account remained open until 2008 when Defendant transferred the funds to another account under the name Chiffre Mozart with another bank in Switzerland, Thurgauer Kantonalbank. (*Id.* ¶¶ 10 & 11).

Based on these facts, Plaintiff filed the Complaint on March 28, 2016, and Defendant was served through letters rogatory in December 2018. Defendant failed to plead or otherwise defend in the action, and the Clerk of Court entered default as to Defendant on April 10, 2019. (*See* Docket Entry dated Apr. 10, 2019). The next day, the Court issued an Order providing Plaintiff with instructions for filing any motion for default judgment. (D.E. No. 37). Plaintiff filed the instant motion for default judgment on May 23, 2019 (D.E. No. 39), and Defendant did not respond to the motion.

## II.    Legal Standard

A district court may enter default judgment against a party who has failed to plead or otherwise respond to the action filed against him. Fed. R. Civ. P. 55(b)(2). To obtain a default judgment, a plaintiff must first request entry of default by the Clerk of Court. *See Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 521 n.1 (3d Cir. 2006). Once default is entered, a plaintiff seeking default judgment must then file a motion with the district court requesting the relief.

"[E]ntry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). "Before entering default judgment, the Court must address the threshold issue of whether it has personal jurisdiction and subject matter jurisdiction over the parties." *Prudential Ins. Co. of Am. v. Bramlett*, No. 08-0119, 2010 WL 2696459, at *1 (D.N.J. July 6, 2010). Then, "the Court must determine (1) whether there is sufficient proof of service; (2) whether a sufficient cause of action was stated; and (3) whether

default judgment is proper." *Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co.*, No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012) (internal citations omitted). To determine whether granting default judgment is proper, the Court must make factual findings as to "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008). In making these determinations "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n.6 (3d Cir. 2005) (quoting *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)). "While the court may conduct a hearing to determine the damages amount, Fed. R. Civ. P. 55(b)(2), a damages determination may be made without a hearing as long as the court ensures that there is a basis for the damages specified in the default judgement." *Days Inns Worldwide, Inc. v. Panchal*, No. 15-1459, 2015 WL 5055318, at *2 (D.N.J. Aug. 25, 2015) (internal quotation marks and alterations omitted).

## III. Discussion

### A. Jurisdiction

First, the Court is satisfied that it has jurisdiction to enter default judgment. District courts have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. This matter arises under the reporting requirements contained in 31 U.S.C. § 5314, and therefore, this Court has original subject matter jurisdiction under 28 U.S.C. § 1331.

This Court also has personal jurisdiction over the Defendant. Under the Federal Rules of Civil Procedure, personal jurisdiction over non-resident defendants may only be exercised to the

extent that it is authorized by the laws of the state in which the federal court sits. *O'Connor v. Sandy lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir.2007); Fed. R. Civ. P. 4(k). New Jersey's long-arm statute permits service on a non-resident defendant to the extent that it is permitted by the Constitution. N.J. Ct. R. 4:4–4; *see also Carteret Sav. Bank, FA v. Shushan,* 954 F.2d 141, 145 (3d. Cir.1992). Accordingly, a court may exercise personal jurisdiction over a non-resident defendant if the defendant has "certain minimum contacts with [New Jersey] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *O'Connor,* 496 F.3d at 316 (*quoting Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)). *O'Connor* outlines a three-part test for determining whether a defendant has sufficient minimum contacts: (i) whether a defendant purposefully directed his activities at the forum; (ii) whether the litigation arises out of or relates to at least one of those activities; and (iii) whether exercise of jurisdiction otherwise comports with notions of fair play and substantial justice. *Id.* at 317. Here, these requirements are satisfied because Defendant lived in Cliffside Park, New Jersey when the alleged penalties accrued. (Compl. ¶ 4).

**B. Proper Service**

Second, the Court finds that Defendant was properly served. Plaintiff attempted to serve Defendant at his address of record in New Jersey but learned that he currently resides in Austria. (*See generally* D.E. No. 4). Thereafter, Plaintiff filed a motion for issuance of letters rogatory (D.E. No. 16), and the Court granted the motion on April 6, 2017, requesting assistance from the Austrian judicial authorities to serve Defendant. (D.E. No. 19). On March 14, 2019, Plaintiff filed a letter with this Court indicating that Defendant was served on December 24, 2018. (D.E. Nos. 33 & 35).

### C. Sufficient Cause of Action

Third, the Court finds that the Complaint states a sufficient cause of action. Plaintiff alleges that Defendant violated the reporting requirements of 31 U.S.C. § 5314, as implemented under 31 C.F.R. § 1010.350 and 31 C.F.R. § 1010.306(c), for calendar years 2006, 2007, and 2008. (Compl. ¶ 20). As Plaintiff explains, "[a]ll citizens and residents of the United States who have a financial interest in, or signatory or other authority over, any foreign financial account that had a maximum value greater than $10,000 during the calendar year are required to file an annual report disclosing the existence of each account." (Compl. ¶ 5 (citing 31 U.S.C. § 5314 & 31 C.F.R. § 1010.350)). That annual report—known as a Report of Foreign Bank and Financial Accounts ("FBAR")—is due no later than June 30th of the year following the calendar year. (*Id.* ¶ 6 (citing 31 C.F.R. § 1010.306(c)). Plaintiff alleges that Defendant was subject to these reporting requirements because Defendant was a U.S. citizen who held a foreign bank account, and the aggregate amount in that account exceeded $10,000 in U.S. currency during 2006, 2007, and 2008. (Compl. ¶¶ 9–12). Plaintiff further alleges that Plaintiff failed to (i) report the income generated in the Account on his federal income tax returns; (ii) file an FBAR as required for 2006, 2007, and 2008; and (iii) report having an interest in a foreign bank account on Schedule B of his income tax returns for at least 2006 and 2008. (*Id.* ¶¶ 13–15). Based on these allegations, the Court finds that Plaintiff has sufficiently stated a cause of action for failure to comply with the reporting requirements of 31 U.S.C. § 5314.

Moreover, the Court finds that the Complaint provides sufficient basis for the Court to determine that Defendant's failure to report was willful. Willfulness covers both knowing and reckless violations, and "may be proven through inference from conduct meant to conceal or mislead sources of income or other financial information." *United States v. Williams*, 489 F. App'x

655, 658 (4th Cir. 2012). Here, Plaintiff alleges several facts suggesting that Defendant acted willfully: (i) Defendant took steps to hide his ownership of the Account by telling UBS AG to hold all correspondence relating to the Account (Compl. ¶ 9); (ii) Defendant falsely told the IRS twice that he did not own a foreign bank account, and signed an affidavit stating that he did not have a foreign bank account during 2008 (*id.* ¶ 17); and (iii) Defendant eventually transferred the Account that he held in his name to another bank and put the Account in the name of another person (*id.* ¶¶ 10–11). These actions suggest that Defendant acted willfully in failing to report his ownership and interest in the Account. *See United States v. Brandt*, No. 17-80671, 2018 WL 1121466, at *4 (S.D. Fla. Jan. 24, 2018) (finding a willful reporting violation under similar circumstances).

### D. Propriety of Default Judgment

Fourth, the Court finds that default judgement is proper in this action. To determine whether granting default judgment is proper, the Court must make "factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc.*, 250 F.R.D. at 177. Here, the current record does not indicate any meritorious defense. *See Malibu Media, LLC v. Deleon*, No. 15-3855, 2016 WL 3452481, at *3 (D.N.J. June 20, 2016) ("The Court may presume that a defendant who has failed to plead, defend, or appear has no meritorious defense."). Moreover, Plaintiff has been prejudiced by Defendant's failure to answer because Plaintiff has been prevented from seeking relief. *See Gowan v. Cont'l Airlines, Inc.*, No. 10-1858, 2012 WL 2838924, at *2 (D.N.J. July 9, 2012) (finding that the plaintiff would suffer prejudice if the court did not enter default judgment because the plaintiff "has no other means of seeking damages for the harm caused by Defendant"). Finally, with respect to the issue of whether default was the result of culpable conduct by Defendant, Defendant has not participated in the litigation

despite being served with the Complaint approximately one year ago. Thus, Defendant is culpable for defaulting in this case.

### E. Damages

Plaintiff attaches certified forms to its motion for default judgment to prove its damages for willful violations of the reporting requirement. (D.E. Nos. 39-3 & 39-4). The attachments show that a delegate of the Secretary of Treasury made an assessment of civil penalties against Defendant under 31 U.S.C. § 5321(a)(5) for the years 2006, 2007, and 2008 in the amounts of $198,360, $198,360, and $100,000, respectively. (D.E. No. 39-3 at 2–4). In addition to the principal penalty assessed, the attachments show that Plaintiff is also owed a late-payment penalty in the amount of $41,152.91, and accrued interest in the amount of $6,858.82 as of August 19, 2015. (*Id.* at 6). Thus, these documents show that in total, as of August 19, 2015, Plaintiff was owed $544,731.73. (*Id.*).

Based on the statements and documents provided by Plaintiff, the Court finds that there is a basis for the damages specified in the default judgement motion, *Days Inns Worldwide*, 2015 WL 5055318, at *2, and Plaintiffs are entitled to $544,731.73 for the penalties assessed against Defendant under 31 U.S.C. § 5321(a)(5), accrued interest on such penalties, late payment penalties, and further statutory additions as allowed by law from August 19, 2015 to the date of payment.

## IV. Conclusion

For the foregoing reasons, the Court GRANTS Plaintiff's motion for default judgment against Defendant. An appropriate Order accompanies this Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**